{¶ 56} I concur with all but the majority's decision to remand this case for resentencing. We have consistently held that the court need not utter any magic words in order to find that an offender committed the worst form of the offense or that he posed the greatest likelihood of committing future offenses for purposes of imposing a maximum term of incarceration. Here, the court noted that Tate had a lengthy criminal history, he had been out on bail for another offense at the time of the shootings, he had several probation violations, and demonstrated no remorse for any of his previous crimes. The state correctly argues that reasons given to justify the consecutive sentences were sufficient to justify the maximum sentences on grounds that he posed the greatest likelihood of committing future offenses. See State v. Doup, Knox App. No. 02CA000008, 2002-Ohio-6981, at ¶ 83-85. While the view espoused in Doup is a clear minority view, it has an appealing practical application to cases like this because it helps to eliminate the endless cycle of technical remands. Separate findings on both maximum and consecutive sentences are usually preferred, but a reversal should not result when the record clearly supports the court's actions.